UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TISA ADAMS,<br><br>               Plaintiff,<br><br>    v.<br><br>WAYNE J. WRIGHT,<br><br>               Defendant. | Case No. 4:25-cv-00204-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Tisa Adams (Plaintiff) asserts that she received constitutionally inadequate dental care during her incarceration at the Mini-Cassia Criminal Justice Center, where she is a pretrial detainee (Dkt. 3). The Court must review complaints filed by prisoners seeking relief against state actors to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915. Having reviewed Plaintiff's Complaint, the Court issues the following Order requiring amendment.

**REVIEW OF COMPLAINT**

    **1.  Standard of Law for Screening**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

Under Rule 8 and 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for any of the following reasons:

- "insufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "lack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar  sua sponte (on its own), *see, e.g.*, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- frivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- seeking monetary relief from a defendant who is immune from such relief. *Id.*

To state a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### 2. Discussion

Plaintiff alleges that her tooth was extracted by Dr. Wayne J. Wright, the dentist contracted to provide care to inmates. She returned to his office in excruciating pain a week later. He repeatedly pushed something into her socket, even though she screamed in pain. This course of action went on for several weeks. Plaintiff states that she does not know why he did this repeatedly, when, to her, it obviously was not working and was causing unbearable pain. (Dkt. 3).

A pretrial detainee's claims arise under the Fourteenth Amendment Due Process Clause, which prohibits *all* "punishment" of a pre-conviction detainee, rather than the Eighth Amendment which prohibits only *cruel and unusual* punishment of a convicted prisoner. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1971). Pretrial detainees' conditions-of-confinement claims are analyzed under an "objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118,

1124-25 (9th Cir. 2018). Under that standard, a detainee must establish the following elements: "(1) The defendant made an intentional decision with respect to the conditions [of confinement]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021) (citation omitted). To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (citation omitted).

Here, Plaintiff's facts do not state a cognizable claim for constitutionally-inadequate medical care. There is insufficient information to show that Dr. Wright was not simply acting in accordance with his experience and training to treat Plaintiff's dental condition in a manner he thought would remedy her condition, for example, to stop an infection from occurring, which is a more serious issue than pain. Plaintiff herself asks why he treated her in this manner, which clearly shows that she cannot meet the subjective element of her federal cause of action. It is necessary to find out the answer to the question of why she received only this type of treatment before the Court can determine whether there are sufficient facts to show that Dr. Wright may have violated Plaintiff's constitutional rights by acting in an objectively unreasonable manner (meaning with reckless disregard for the healing of her abscess and the pain).

The Court will order jail administrators to provide Plaintiff with a copy of her dental records, including the records of Dr. Wright, so that Plaintiff can have more information about the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

facts surrounding her treatment. Plaintiff can review the records, file an amended complaint (if appropriate), and submit the records as exhibits. If the dental records do not clearly show why Dr. Wright acted as he did, Plaintiff may desire to send him a letter asking him to answer that question. If she files an amended complaint, she should take care to address every element of a Fourteenth Amendment claim, as outlined above, in her amended complaint. If she cannot, she may file a notice of voluntary dismissal.

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, she must also file a "Motion to Review the Amended Complaint." If Plaintiff's amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013).

## ORDER

**IT IS ORDERED:**

1. Plaintiff must submit an amended complaint, consistent with the instructions above, and submit her dental records, within **sixty (60) days** after entry of this Order. Failure to file anything further will result in dismissal of this action without prejudice, without further notice.

2. Within **thirty (30) days** after entry of this Order, medical administrators at the Mini-Cassia Justice Center shall provide Plaintiff with a copy of her dental records,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

including the records of Dr. Wayne J. Wright, for Plaintiff's dental care received in

August and September 2024.

3.  Plaintiff is directed to her jail trust account administrator for answers to her

    questions about the filing fee order. The calculation is listed in that Order.

4.  The Clerk of Court shall provide a copy of this Order to the following:

> Medical Administrator
> Attention: Inmate Dental Records Custodian
> Mini-Cassia Criminal Justice
> 1415 Albion Avenue
> Burley, ID 83318.

DATED: June 5, 2025

Amanda K. Brailsford
U.S. District Court Judge