UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TISA ADAMS,<br><br>              Plaintiff,<br><br>v.<br><br>WAYNE J. WRIGHT,<br><br>              Defendant. | Case No. 4:25-cv-00204-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Tisa Adams (Plaintiff) asserts that she received constitutionally inadequate dental care during her incarceration at the Mini-Cassia Criminal Justice Center (MCCJC), where she was a pretrial detainee. (Dkt. 3). She has since been transferred to the custody of the Idaho Department of Correction (IDOC). After reviewing Plaintiff's initial Complaint, the Court identified various deficiencies, ordered that she be provided with her dental records, and required the filing of an amended complaint. (Dkt. 7).

On August 30, 2024, Plaintiff had a dental visit with Dr. Wayne J. Wright, the dentist contracted to provide care to MCCJC pretrial detainees. An x-ray indicated tooth "#17 had a bad cavity and the decay is in the nerve." Dkt. 9-1 at 6. Dr. Wright explained that extracting the tooth could cause permanent nerve damage. "Plaintiff understood and agreed to the extraction." *Id*.

Plaintiff's Amended Complaint asserts that, after extraction of her tooth, she experienced several complications for which she had to return to the dental office three times. She asserts that Dr. Wright was aware that the "painful nerve" was close to the extraction site," but he did not numb the area before placing paste and foam into the socket on the first two successive visits. Dkt

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1**

9 at 1. It was not until the third visit that he numbed the area. He then "placed an abundant amount of foam and paste into the socket." *Id*. After the third visit, the area finally healed. *Id*.

Plaintiff asserts that this set of events shows that Dr. Wright's treatment "fell below the standard of care." *Id*. The Fourteenth Amendment Due Process Clause prohibits *all* punishment of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Detainees' conditions-of-confinement claims are analyzed under an "objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under that standard, a detainee must establish the following elements: "(1) The defendant made an intentional decision with respect to the conditions [of confinement]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021) (citation omitted).

To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. (citation omitted).

Plaintiff has attached dental records to her Amended Complaint to support her claims. On August 30, 2024, Plaintiff signed an informed consent form for a tooth extraction. She was informed that complications may occur, including lingering infection, pain, and dry sockets. Tooth #17 was extracted without complication. Plaintiff was prescribed twenty 400 mg tablets of Ibuprofen. She was given extra gauze and provided with written and verbal instructions on how to care for the extraction site. Dkt. 9-1 at 1.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2**

On September 6, 2024, Plaintiff returned to the dentist complaining of pain. *Id*. at 7. Dr. Wright applied dry socket paste and Dengofoam to the extraction site. On this date, Dr. Wright allegedly did not numb the site before application of the paste. On September 9, Plaintiff again returned complaining that the socket paste had fallen out. On this date, Dr. Wright again allegedly did not numb the site before replacing the paste. He prescribed Amoxicillin for Plaintiff as a precautionary measure because it was requested by Debbie Bell of MCCJC, who reported that she had examined Plaintiff for an infection but did not observe any swelling or issues.

On September 13, 2024, Plaintiff returned, complaining of pain in the extraction area and on the left side of her jaw in general. Dr. Wright applied some dry socket paste to the #17 extraction site and prescribed twenty additional 400 mg tablets of Ibuprofen. Dr. Wright allegedly numbed the extraction area before application of the dry socket paste, but that is not indicated in the medical records. Thereafter, the extraction site healed.

The medical records show that Dr. Wright treated Plaintiff each time she returned, provided precautionary antibiotics, provided two rounds of prescription-strength Ibuprofen for pain and inflammation, and applied dry socket paste and/or a type of dental foam three times. The treatment resulted in a healed extraction site without permanent pain or other potential lasting complications.

Plaintiff has not presented facts showing that Dr. Wright made a treatment decision that put her at substantial risk of suffering serious harm. He took adequate measures to ensure that her extraction area would heal, including treating her multiple times. He took reasonable available measures to abate the risk of nonhealing, infection, and continuing at-home pain. That she twice suffered a short period of intense pain during treatment while the extraction site was being repacked with dry socket paste does not amount to a Fourteenth Amendment objective deliberate indifference violation.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3**

The Court concludes that Plaintiff's facts stated in the Amended Complaint are deficient and fall short of stating a cognizable § 1983 claim. Because Plaintiff has provided the medical records, and nothing in them supports an actionable § 1983 claim, the Court concludes that appointment of pro bono counsel and additional amendment would not be fruitful. Accordingly, this action will be dismissed for failure to state a federal claim upon which relief can be granted.

## ORDER

IT IS ORDERED:

1. Plaintiff's Motion to Review Amended Complaint (Dkt. 8) is GRANTED.

2. Plaintiff's request for appointment of counsel (Dkt. 11) is DENIED, as additional legal help would not help Plaintiff state a federal claim on this record.

3. The Amended Complaint (Dkt. 9) is DISMISSED for failure to state a federal claim upon which relief can be granted.



DATED: January 22, 2026

Amanda K. Brailsford
U.S. District Court Judge

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4**